37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cedric R. ALLEN, Plaintiff-Appellant,
v.
Charles D. MARSHALL, et al., Defendant-Appellee.
 No. 92-16753.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1994.*
Decided Sept. 27, 1994.
 
 1
 Before: POOLE and REINHARDT, Circuit Judges, and TAKASUGI,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Cedric R. Allen, an inmate at California's Pelican Bay State Prison (Pelican Bay), appeals pro se the district court's partial summary judgment in favor of Pelican Bay's warden Charles D. Marshall, and partial dismissal in favor of Dr. Martis, a prison physician, in his 42 U.S.C. Sec. 1983 action. Allen challenges the constitutionality of (1) prison officials' use of mechanical restraints while Allen was in an infirmary cell, and (2) the medical treatment he has received for back pain and rectal bleeding. We affirm the district court's grant of summary judgment, and reverse and remand the district court's 28 U.S.C. 1915(d) dismissal.
 
 I. BACKGROUND
 
 4
 The parties are familiar with the facts of the case so we do not repeat them here.
 
 II. DISCUSSION
 A. Physical Restraints
 
 5
 We review the district court's entry of summary judgment de novo viewing the evidence in the light most favorable to the nonmoving party. White v. Atlantic Richfield Co., 945 F.2d 1130, 1132 (9th Cir.1991); Fed.R.Civ.P. 56(c). Nevertheless, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial and "may not rest upon mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-30 (9th Cir.1987). Moreover, there is no genuine issue of material fact if the nonmoving party "fail[s] to make sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 In order for Allen, an inmate in Pelican Bay's special housing unit (SHU), to maintain a suit pursuant to 42 U.S.C. Sec. 1983 (hereinafter Section 1983) against Marshall in his official capacity, Allen must be able to attribute the source of his constitutional harm to official policy or custom. See, e.g., Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir.1991). Allen contends that use of physical restraints while in the infirmary cell amounted to cruel and unusual punishment. This court has approved the use of mechanical restraints in California prisons if inmates are transported out of the prison, if inmates are violent or prone to escape, or if the inmates are suicidal. Spain v. Procunier, 600 F.2d 189, 197 (9th Cir.1979). Mechanical restraints must not inflict physical pain, cause undue physical discomfort, or restrict blood circulation or breathing. Mechanical restraints cannot be used to punish inmates. Id. at 198.
 
 
 7
 Pelican Bay's Operational Procedure 1010 requires SHU inmates to be housed with mechanical restraints while in infirmary cells. It complies in all relevant aspects with the administrative regulations issued by the California Department of Corrections which this court has determined are constitutionally sound. See Cal.Code Regs. tit. 15, Sec. 3280 (1993); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Pelican Bay's policy to use waist chains on SHU inmates while outside of their SHU cells, especially when their behavior threatens prison security, is constitutional.
 
 
 8
 Under this policy Allen's poor disciplinary history justified the use of mechanical restraints initially, and Allen's recalcitrant behavior once in the infirmary justified continued use of the mechanical restraints. Accordingly, summary judgment in favor of defendant Marshall acting in his official capacity was proper.
 
 
 9
 Nonetheless, supervisors may be liable in their individual capacity for violating a supervisory duty. Larez, 946 F.2d at 645. Section 1983 individual capacity liability for an Eighth Amendment violation has an objective component ("[w]as the deprivation sufficiently serious?") and a subjective component ("[d]id the officials act with a sufficiently culpable state of mind?"). See Wilson v. Seiter, 501 U.S. 294, 298 (1991).
 
 
 10
 Considering the evidence in a light most favorable to the nonmoving party we accept Allen's allegations of pain and discomfort as true and we assume that the pain and discomfort of Allen's handcuffs was sufficient to indicate an objective deprivation of Allen's Eighth Amendment rights. See Spain v. Procunier, 600 F.2d at 197 ("The necessity for subjecting a prisoner to a painful device is one measure of its cruelty."); but see Pearl v. Rhodes, 711 F.2d 868 (8th Cir.1983) (affirming summary judgment that where inmate admitted that cuffs were loose enough for a finger to be placed between the cuffs and his wrist there was no Eighth Amendment violation). This, however, does not end our analysis.
 
 
 11
 Pelican Bay's use of in-cell mechanical restraints for SHU inmates in the infirmary is a disciplinary matter. The subjective intent required for an unconstitutional use of disciplinary restraints is wantonness. LaMaire v. Maass, 12 F.3d 1444, 1451-52 (9th Cir.1993). Allen has not provided facts which show that Marshall himself was wanton or even deliberately indifferent regarding the painful use of mechanical restraints. Indeed, Pelican Bay's liberalization of its infirmary in-cell restraint policy just weeks before Allen's infirmary visit indicates official attention to this concern.[1] Summary judgment was appropriate because Allen has not satisfied the subjective component for maintaining a Section 1983 action against Marshall.
 
 B. Medical Needs
 
 12
 We review the district court's dismissal of Allen's complaints of deliberate indifference to his serious medical needs as frivolous under 28 U.S.C. Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 ((1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A factual claim is frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 13
 The test for whether a complaint is frivolous is less rigorous than the test for whether a complaint states a claim for which relief may be granted. Denton, 112 S.Ct. at 1733. A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) (hereinafter Rule 12(b)(6)) may have an arguable basis which would preclude dismissal under section 1915(d). Id. The appropriate legal standard for section 1915(d) dismissals is not whether the plaintiff states a claim, but whether the claim is arguable. See Denton, 112 S.Ct. at 1733; Neitzke, 490 U.S. at 328-29. This distinction stems from the different purposes served by these different types of dismissal. Section 1915(d) dismissal protects the court from covering the costs of frivolous litigation, whereas Rule 12(b)(6) dismissal protects litigants from defending when no legal claim has been made.
 
 
 14
 The district court had initially determined that service of process was appropriate for Dr. Martis. Only when service of process was not perfected for Dr. Martis did the state ask the court to dismiss the claims against Dr. Martis under 28 U.S.C. Sec. 1915(d). We find that Allen's factual claims are not irrational, and his claim of deliberate indifference to serious medical needs, given the delay in his treatment and his continued problems, is at least arguable. Consequently, the district court erred in dismissing Allen's complaint as frivolous under Section 1915(d).
 
 
 15
 Nonetheless, we may affirm on any basis fairly supported by the record. Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987). Accordingly, we have considered whether it would be appropriate to treat this as a dismissal under Federal Rule of Civil Procedure 12(b)(6). In civil rights cases the district court must provide a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We note that in this case the district court has been fastidious in its duty to provide Allen with notice of previous deficiencies.
 
 
 16
 The Eighth Amendment prohibits deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). State-employed doctors who provide medical care to inmates act under color of state law for purposes of Section 1983. West v. Atkins, 487 U.S. 42, 43 (1988).
 
 
 17
 Allen primarily complains about the treatment and the recommendations of the physicians who have attended to him. A difference of opinion between prisoner and physician over proper medical care does not violate the Eighth Amendment. See, e.g., Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Allen's original and amended complaints allege that Dr. Martis did not refill medication for back and shoulder pain, that Dr. Martis spoke rudely to the plaintiff, that Dr. Martis has not shared test results, and that Dr. Martis may have incorrectly diagnosed the real cause of Allen's rectal bleeding. Amended Compl. paragraphs 29-32.
 
 
 18
 Allen's original and amended complaints, however, also admit that Dr. Martis ordered x-ray tests for Allen, that Allen was given blood tests, and that diagnostic procedures were performed for Allen at an outside facility. Amended Compl. paragraphs 29-30, 37-38, 40-42. In order to state a claim for a violation of his Eighth Amendment rights with respect to medical care, Allen must allege more than callousness or negligence or a difference of opinion. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). It may be that the deficiencies of the complaint cannot be cured through amendment. Nonetheless, in an abundance of caution we remand with instructions to notify Allen why his complaint fails to state a claim against Dr. Martis and to provide Allen an opportunity to amend.
 
 C. Denial of Injunctive Relief
 
 19
 We will only reverse a district court's order denying preliminary injunctive relief where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992). Although the district court erred in dismissing Allen's claim against Dr. Martis under Section 1915(d), were it not for the fact that plaintiff is proceeding pro se, we would have affirmed the dismissal for failure to state a claim. Nothing in this record indicates that the district court abused its discretion in denying preliminary injunctive relief.
 
 V. CONCLUSION
 
 20
 For the foregoing reasons we AFFIRM the district court's grant of summary judgment to defendant Marshall and the district court's denial of preliminary injunctive relief. We REVERSE the dismissal of Allen's complaint as frivolous under 28 U.S.C. Sec. 1915(d) and REMAND with instructions to notify the plaintiff of the deficiencies of his claim, and provide an opportunity to amend prior to dismissal.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Allen has not brought forth evidence of wantonness or deliberate indifference on the part of officers who put him into the restraints and monitored the infirmary. Even if Allen had demonstrated wantonness or deliberate indifference on the part of those officers, the mere fact that those officers were subordinate to Marshall does not state a claim against Marshall because respondeat superior does not operate in Section 1983 cases. Monell v. Department of Social Services, 436 U.S. 658, 692-94 (1978). Supervisory liability under Section 1983 requires that the supervisor somehow cause the constitutional violation. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir.1978). Allen has not alleged that Marshall was aware of, or in any way participated in, the decision to keep Allen in mechanical restraints while he was in the infirmary. Nor has Allen alleged that Marshall set in motion acts by his subordinates, or that he knowingly refused to terminate acts by his subordinates, which resulted in Allen's pain and discomfort while in the infirmary. As such, Allen has failed to establish a basis for Marshall's supervisory liability in his individual capacity